Judge Underwood,
delivered the opinion of the Court.
Caperton, as administrator of Karr,, brought suit against Callison and. Robert Donaldson, jn Madisop circuit court, to recover the amount of anote executed by them to his intestate. Three pleas were plead, issues were formed on two of them, but as to the third plea, although regularly filed and unquestionably good, no notice seems to have been taken of it by the plaintiff. Verdict and judgment for the defendants.
A bill of exceptions, filed by plaintiff, presents various questions for consideration. And first, is the execution of a power of attorney, not relating to the con- * • T J 7 “ °f lands, acknowledged before the clerk of the county court of a county, and recorded in the *397 clerk’s office, of the county where the business is tobe transacted, upon the certificate of the clerk, before whom it was acknowledged, within eight months from the day of its date, sufficiently proved, by the certificates of the clerks, so as to admit it as evidence of the agent’s authority? If the power had vested an authority. to convey lands, we have no doubt that its execution would be sufficiently proved by being authenticated as above. And although the power in this instance, does not relate to land, we are of opinion, under the act of 1818, 2 Dig. 1049; its authentication will justify its being given in evidence as a recorded instrument. The terms of that act are so comprehensive as to embrace powers of attorney of every description, and we do not perceive any considerations of policy which would have influenced the Legislature to confine the operation of that act, to powers of attorney relating to lands. As the Legislature has not, by the language used, indicated any such intention, we should do violence to the letter of the law, and as we think, without reason, by confining it to powers of a particular description. We, therefore, extend its provisions to all powers of attorney, and When recorded in due time, shall allow their execution to be proved by the clerk’s certificate, in the same manner that a deed of conveyance for lands may be proved. There was no error, therefqre, in admitting the power of attorney as evidence.
competent witnessonbehalf ofadm’r, 3Uoh eátate,
The court decided correctly in rejecting the testimony of James Karr. He, in right of his wife, was entitled to a distributive share of the estate of the plaintiff’s intestate. He should not, therefore, be permitted to augment that estate, by his evidence in behalf of the administrator. It is true that the bill of exceptions shows that the administrator claimed the debt, in this case, as his own, and that he designed proving by James Karr, that such was the fact. But this, we apprehend, cannot render him competent. The administrator sued in his fiduciary character, and the court, before admitting the testimony of Karr, as competent, would have to determine that he could not assert his claim for his distributive share thereafter, against the administrator. Such a matter ought not to have been collaterally decided by the court, and. *398 if so decided, could not preclude Karr from asserting his claim, even if he were defeated in it when he might assert it. The administrator attempted to legitimate Karr’s evidence by executing to him a release against all claim for costs. This release could not do it. If any release could have had the effect of maliing Karr competent, it would have been a release executed by him to the administrator, renouncing all claim to a distributive share.
Error to give judgment against ex’r. or adm’r. pl’tff. sueing en autre droit.
Caperton, for plaintiff; Turner and Breck, for def’t.
It is not necessary to decide what effect has been produced by the failure of the plaintiff to notice one of the pleas of the defendant, because the finding for the defendant, on the other issue is good.
We know of no law which authorizes a judgment for costs against an administrator plaintiff, to be levied of the assets of the intestate, when he sues en autre droit, or for a cause of action accrued in the lifetime of his intestate. At common law, costs were not allowed in any case. We must look to, statutory enactments for the law on this subject, and we have been unable to find any statute of England, Virginia or Kentucky, which authorizes such a judgment. As a judgment for costs has been rendered against the plaintiff^ to be levied of the assets, it is error.
f Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with directions to that court to render judgment on the verdict, in favor of the defendants, in relation to their debt, but without costs in their favor. • .
The plaintiff in error must recover his costs in, this court.